a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES RICHARD WEEMS, Petitioner | CIVIL DOCKET NO. 1:19-CV-1492-P |
| VERSUS | JUDGE DRELL |
| JASON KENT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner James Richard Weems ("Weems") (#120628). Weems is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Dixon Correctional Center in Jackson, Louisiana. Weems challenges his conviction and sentence for murder.

Because Weems's Petition (ECF No. 1) is untimely, is should be DENIED and DISMISSED WITH PREJUDICE.

I.  Background

Weems was charged with the murder of a neighborhood store owner during an armed robbery. *See* ECF No. 1-2 at 94. According to his attorney, Weems and a co-defendant made numerous confessions and inculpatory statements that they "brutally beat, stomped and stabbed the elderly owner." ECF No. 1-2 at 94. The co-defendant claimed that Weems was the main actor, and he was given a life sentence after agreeing to testify against Weems. *Id.* After his attorneys' attempts to suppress the confessions and inculpatory statements, Weems ultimately pleaded guilty to first-

degree murder with an agreed-upon life sentence. *See id.* at 95-96; *Weems v. Cain*, 157 F.3d 900 (5th Cir. 1998).

Weems filed an application for post-conviction relief, which was denied. *State ex rel. Weems v. Whitley*, 94-2334 (La. 10/4/96); 679 So.2d 1368.

Weems filed a § 2254 petition in this Court alleging that his right to due process was violated because the indictment against him was not signed by the foreman of the grand jury in violation of state law, and because he received ineffective assistance of counsel. *Weems v. Cain*, 157 F.3d 900 (5th Cir. 1998). The petition was denied and dismissed because the grand jury foreman had, in fact, signed the original indictment, and because Weems could not show he was prejudiced by his attorneys' failure to challenge the indictment. *Id.* The United States Court of Appeal for the Fifth Circuit affirmed the dismissal. *Id.*

Weems filed another application for post-conviction relief, which was denied, as were the subsequent writ applications. *State ex rel. Weems v. State*, 2013-1419 (La. 12/2/13); 126 So.3d 1281.

Weems filed a new post-conviction application on October 13, 2015 (ECF No. 1-2 at 17-22), arguing that the State withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Weems referenced a letter he received from the Department of Justice in 2015 regarding microscopic hair comparison analysis, which Weems argued constitutes new evidence. ECF No. 1-2 at 5. Specifically, Weems claimed that hair removed from the victim's body was not a match to him, and that he should have been charged only as a principal to first degree murder. ECF

No. 1-2 at 17-22. The State responded that Weems's attorneys had been provided a copy of FBI lab results showing that several hairs had been tested. ECF No. 1-2 at 36. The post-conviction application was denied as untimely under Louisiana Code of Criminal Procedure article 930.8. ECF No. 1-2 at 38.

The Louisiana Third Circuit Court of Appeal denied writs, finding that the trial court did not err in denying the application under article 930.8. ECF No. 1-2 at 53-54. The appellate court noted that Weems presented conflicting arguments: (1) that his attorney was aware of—but lied about—an exculpatory FBI report, which Weems did not discover until 2015; and (2) that the State withheld the exculpatory evidence from Weems's attorney. ECF No. 1-2 at 53. The court also noted that Weems's claim that his counsel provided ineffective assistance during a post-conviction hearing in 2016 had not been raised in the trial court. *See id.* at 53-54.

The Louisiana Supreme Court denied writs, finding that the "application was not timely filed in the district court," and that Weems failed "to carry his/her burden to show that an exception applies." *State ex rel. Weems v. State*, 2017-0980 (La. 9/14/18); 252 So.3d 459.

Weems filed another post-conviction application seeking an out-of-time appeal and the appointment of counsel. ECF No. 1-2 at 99-104. The trial court denied the application as untimely under article 930.8. ECF No. 1-2 at 105. The Louisiana Third Circuit Court of Appeal denied writs, finding "no error in the trial court's ruling." ECF No. 1-2 at 126. The Louisiana Supreme Court also denied writs, noting that Weems had "previously exhausted his right to state collateral review and fails

to show that any exception permits his successive filing." *State v. Weems*, 2018-1171 (La. 5/6/19); 270 So.3d 573.

In his § 2254 Petition, Weems raises the same claims he presented in the untimely post-conviction applications and appeals. ECF No. 1.

II. <u>Law and Analysis</u>

In 1996, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress enacted 28 U.S.C. § 2244(d), which provides a one-year statute of limitations for filing applications for writs of habeas corpus by persons in custody pursuant to the judgment of a state court. The limitations period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Federal courts may raise the one-year limitations period *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

The statutory tolling provision of § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief is pending in state court is not counted toward the limitations period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period. *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). An untimely application for post-conviction relief cannot be considered "properly filed" so as to toll the running of the limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (state post-conviction petition rejected

4

by the state court as untimely under state statute of limitations is not "properly filed," within the meaning of the statutory tolling provision of the AEDPA).

Even if Weems is entitled to statutory tolling of the limitations period through the completion of his first post-conviction proceeding—December 2, 2013—he is not entitled to toll the limitations period while any subsequent post-conviction applications were pending because they were considered untimely filed. *See* ECF No. 1-2 at 38, 53-54, 61, 105, 126, 143. *See Pace*, 544 U.S. at 417. Thus, at the latest, Weems's § 2254 Petition should have been filed by December 2, 2014.

The one-year limitations period can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Although Weems alleges that the State failed to disclose evidence, the record indicates that the FBI lab results were provided to Weems's attorneys. ECF No. 1-2 at 36. Additionally, Weems has never claimed that he pleaded guilty based on the results of a hair analysis. Rather, the record indicates that Weems pleaded guilty after making numerous confessions and inculpatory statements, and based on the "recommendations of five criminal defense attorneys who knew that Mr. Weems' confessions placing him in an armed robbery in which an elderly female victim was brutally beaten, stomped and stabbed

5

made him an ideal candidate for a death penalty verdict." *Id.* at 98. There is no basis for invoking equitable tolling in this case.

Even if Weems was entitled to equitable tolling, he could not establish that the state court's ruling: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See Martin v. Cain*, 246 F.3d 471, 475-76 (5th Cir. 2001), *cert. den.*, 534 U.S. 885 (2001).

Weems's contradictory arguments are insufficient to establish a *Brady* violation. In *Brady*, the Supreme Court held that a prosecutor must disclose evidence to a criminal defendant if that evidence is favorable to the defendant and material to his guilt or punishment. "Brady claims involve 'the discovery, after trial of information which had been known to the prosecution but unknown to the defense.'" *Lawrence v. Lensing*, 42 F.3d 255, 257 (5th Cir. 1994) (citing *United States v. Agurs*, 427 U.S. 97, 103 (1976)). There is no indication that any evidence was suppressed by the state, either willfully or inadvertently. *See Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Weems has not identified any evidence that the state failed to turn over at the time of the prosecution.

### III. Conclusion

Because Weems's Petition is untimely, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISED WITH PREJUDICE.

6

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 24th day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7